# KAUFMAN MCGOWAN PLLC
### Attorneys-at Law

190 Motor Parkway, Suite 200
Hauppauge, New York 11788
(631) 972-0042
(631) 410-1007 fax
rgertler@kaufmanmcgowan.com
www.kaufmanmcgowan.com

February 20, 2025

**Via ECF**
Judge Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

Re: Barry Berler -vs- Sharps Technology, Inc. and Alan Blackman
    Case: 24-cv-04787-JMW

Dear Judge Brown:

This firm represents Sharps Technology, Inc. ("Sharps") and Alan Blackman[1] ("Blackman") in connection with the above case. In accordance with your Individual Practice Rules, I am writing to request a pre-motion conference for permission to make a motion to dismiss (a) due to lack of jurisdiction over Blackman; and (b) if or to the extent the Court determines there is jurisdiction over Blackman, for failure to state a cause of action against him; and (c) for failure to state a cause of action against Sharps. As per the Court's Scheduling Order dated November 13, 2024, please accept this letter as a renewal of Defendants' pre-motion letter initially submitted on September 20, 2024, as modified.

**Motion to Dismiss for Lack of Jurisdiction**
**Against Alan Blackman Was Preserved and is Timely:**

We submit that the motion is timely given the preservation of these defenses in prior filings and the procedural context surrounding the filing of the Answer and the assignment of this case to Your Honor. Plaintiff ("Berler") has failed to execute service of process on Mr. Blackman[2]. Blackman has consistently asserted a limited appearance with an express reservation of all jurisdictional defenses. Courts have allowed motions to dismiss after an answer is filed in

---

[1] We are making a limited appearance on behalf of Mr. Blackman and reserve all jurisdictional defenses.
[2] Plaintiff mailed to an address in New Zealand where Blackman has not resided for over 10 years.

circumstances where the defense to be used in the motions to dismiss were also used in the answer.[3]

**The Series A Preferred Stock:**

In February 2018, the Board of Directors of Sharps authorized the issuance of one share of Preferred Stock to Alan Blackman, the Company's co-founder and director. Plaintiff alleges that Blackman agreed to vote the Preferred Stock "…in favor of the election, reelection, and/or designation of each individual nominated to serve as a director on the Board of Director..."

Plaintiff seeks to conflate the ownership of the Preferred Stock with Blackman's July 2023 separation package. Referencing the Separation Agreement dated July 19, 2023 between Blackman and Sharps (the "Separation Agreement"), Berler alleges "[o]nce the payments due Mr. Blackman are fully paid, the Series A Preferred Stock shall be deemed immediately cancelled and forfeited and without further consideration. [Emphasis added]. Once his severance payments are satisfied, "Blackman shall return the Series A Preferred Stock to the Company for cancellation." See Plaintiff's Exhibit 4, page F-22 Employment Agreements. (Docket 1-4).

Plaintiff does not allege that he had any arrangement to share in any of the benefits in the Separation Agreement. Plaintiff's claims regarding the Preferred Stock, including breach of contract and conversion, hinge solely on an alleged agreement that Blackman would "notify" Plaintiff prior to any transfer of the stock. Berler then leapfrogs to the conclusion that he had a right to approve the sale or transfer of the preferred stock and would be entitled to half the proceeds of such sale. (Docket 1-1, paragraph 16). As per the terms of the Separation Agreement, the Preferred Stock standing alone had no residual value. Berler would have been required to disclose his interests or such restrictions in his director and officer questionnaires in connection with its SEC filings and provide all material information in connection therewith to Sharps.

**Plaintiff's Claims Are Moot by the Cancellation of the Preferred Stock:**

Sharps' obligations set forth in the Separation Agreement were satisfied on or about August 28, 2024. In accordance with Section 3e of the Separation Agreement, as of such date, the Preferred Stock was deemed immediately cancelled without further consideration or notice and no longer exists. As no injunctive relief was sought to prevent the cancellation, Plaintiff's claims are now moot and no longer enforceable.

**Relief Requested:**

For the reasons set forth above, Blackman seeks leave to move to dismiss the Complaint (a) due to lack of jurisdiction; and (b) if or to the extent the Court determines there is jurisdiction over Blackman, for failure to state a cause of action against him dismissing the Second, Third, Fifth and Sixth Causes of Action. Sharps seeks leave to move to dismiss the Fourth, Fifth and Sixth Causes of Action against it.

---

[3] Bowen v. Pan American World Airways, Inc., 474 F.Supp. 563, 567 (SDNY 1979). "This exception can also be found in Jennings Oil Co., Inc. v. Mobil Oil Corp. (SDNY 1978).

We respectfully request a pre-motion conference at Your Honor's earliest convenience.

Sincerely,

*Richard Gertler*

Richard Gertler
Special Counsel

cc.:    Mordecai Geisler, Esq. (Via Email)
       Neil M. Kaufman, Esq. (Via Email)
       Robert Hayes (Via Email)
       Andrew Crescenzo (Via Email)